Damián Busquéts Almodóvar y María Flumiana Busquéts Almodóvar, demandantes y apelantes, *v.* Compañía Curtidora de Puerto Rico, demandada y apelada.

Núm. 7416.—*Sometido:* Diciembre 8, 1937. *Resuelto:* Diciembre 22, 1937.

*Luis Ríos Algarín,* abogado de los apelantes; *Salvador Suau,* abogado de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

El 9 de junio de 1936 la Corte de Distrito de San Juan resolvió este caso por sentencia "declarando sin lugar la demanda en todas sus partes y absolviendo de la misma a la demandada, con imposición de las costas a la parte actora." Según la demanda la parte actora la constituyen los hermanos Damián y María Flumiana Busquéts Almodóvar.

Firme la sentencia, la demandada presentó su memorándum de costas como sigue:

"Honorarios del márshal. derechos por orden de embargo _____ $3. 00
"Honorarios del secretario, radicación contestación_____ 6. 00
"Sellos para inscripción embargo en el registro_____ 6. 00
"Por notificación embargo a demandante_____ 2. 25
"Al taquígrafo, copia opinión y sentencia_____ 3. 00
"Por honorarios de abogado de la parte demandada___ 479. 75

"Total _____ $500. 00".

Impugnaron el memorándum los demandantes. Replicó la demandada defendiéndolo y la corte aprobó las partidas de honorarios del márshal, sellos para inscripción del embargo y notificación del mismo, ascendentes a $11.25; rebajó a cinco los seis dólares reclamados por radicación de la contestación "porque el sello forense de $1 es una obligación del letrado que comparece y no costas impuestas a los litigantes"; eliminó los tres dólares pagados al taquígrafo por copia de la opinión y sentencia por no ser un desembolso concedido por ésta y redujo los honorarios a $300.

Contra la resolución de la corte apelaron los demandantes para ante este tribunal. Radicada la transcripción, en octubre 30, 1936 archivaron su alegato señalando cuatro errores.

■■ Celebrada la vista del recurso el 8 de diciembre actual, sin asistencia de las partes, al estudiar los autos advertimos que la apelada no había presentado su alegato y seguidamente encontramos unida al récord la siguiente

"ESTIPULACIÓN.

"Las partes, demandantes apelantes y la demandada apelada, por conducto de sus respectivos abogados que suscriben, de mutuo acuerdo han convenido y estipulado someter a esta Hon. Corte el presente recurso sobre incidente de costas por sus méritos, mediante las alegaciones constantes en el Legajo de Sentencia, sin necesidad de la vista que está señalada para el día 8 de diciembre actual a las dos de la tarde, y teniendo por eliminado de los autos el alegato radicado de los apelantes, ya que la apelada no ha radicado el suyo hasta el presente."

Lo estipulado no puede tener la sanción de la corte. Hemos dicho en varias ocasiones que no es buena práctica por parte del apelado el dejar de presentar su alegato. Eso no obstante sin tener el beneficio de un debate completo, hemos resuelto los recursos en tales casos, pero llegar a tanto como a prescindir del alegato del apelante no es posible. No sólo constituiría ello un abandono completo de las reglas de la corte, si que no habría qué resolver porque es en el alegato del apelante que se plantean las cuestiones que se pide al tribunal

que examine y decida, de tal suerte que sin el alegato lo que procede es la desestimación del recurso.

*Por virtud de lo expuesto debe dejarse sin efecto la vista, declararse no haber lugar a aprobar la estipulación de las partes y señalarse nuevamente el caso, teniendo' así la apelada la oportunidad de presentar su alegato dentro del término que fija el reglamento de este tribunal.*

Los Jueces Asociados Señores Hutchison y Córdova Dávila no intervinieron.