José Méndez López, Plaintiff and Appellee, *v.* Rafael Torres Alberti et al., etc., Defendants and Appellants.

No. 7997. Argued February 2, 1940.—Decided February 7, 1940.

Leopoldo Tormes García for appellants.  Erasto Arjona Siaca and
E. Huertas Zayas for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

This is an injunction proceeding to retain possession and
the question now to be determined is the amount of the costs
to be paid by the defendants to the plaintiff.

By a decision of January 30, 1934, of the District Court
of Ponce in favor of the plaintiff, costs were adjudged against
the defendants.  Two of the defendants, Torres Alberti and
López Nusa, brought an appeal which was dismissed.  52
D.P.R. 439.  (Decision per curiam.)

The mandate having been filed in the trial court, the
plaintiff submitted his memorandum of costs and disburse-
ments, the attorney's fees having been assessed at $5,000.
The memorandum was challenged by the defendants.

On March 29, 1938, one of them, Rafael Pizarro, and the
plaintiff submitted to the court a stipulation in which it was
stated that having amicably settled the question of costs, said
defendant was released from the payment thereof, but that
such release would not preclude the plaintiff from prosecut-
ing his claim against the other defendants.  The stipulation
was approved by the court as follows:

". . . . the court approves in every particular the said stipula-
tion and, therefore, declares that Rafael Pirazzi and Josefina Pirazzi
are fully released from any obligation or liability in connection with
the costs and attorney's fees that have been.or might be claimed
from them by the plaintiff in the above entitled case."

The other defendants filed an amended answer setting
forth further grounds of opposition to the said memorandum,

a hearing took place in which evidence was heard and on December 22, 1938, the court made the following order:

"ORDER.—Having considered the memorandum of costs and disbursements filed by the plaintiff on August 12, 1937; having considered the amended answer of the defendants Rafael Torres Alberti and Rafael López Nusa of May 23, 1938; having considered the stipulation of March 29, 1938, Rafael and Josefa Pierazzi and the plaintiff approved by the court on April 4 of the same year; having considered the evidence submitted at the hearing of the memorandum of costs held on September 6, 1938, the contents of the record *and* the briefs filed by the parties, the court hereby approves the following items of the said memorandum of costs:

| | |
|---|---:|
| "Secretary's fees | $5.00 |
| "Compensation for 12 witnesses at $2.00 each | 24.00 |
| "Compensation for traveling expenses of witness Roberto Arroyo Vivas (2 trips) from San Juan to Ponce | 16.06 |
| "Plaintiff's attorney's fees which the court hereby fixes at | 900.00 |
| | $945.06. |

"It being understood that from the sum of $900 taxed as attorney's fees there shall be deducted $300 (sic) which had already been paid, pursuant to the stipulation above mentioned, by the heirs of Nereo Pirazzi to plaintiff José Méndez López; the attorney's fees to be paid being reduced, therefore, to $567, and the court, therefore, orders and decrees that, at the proper time and after the legal requisites have been complied with, defendants Rafael Torres Alberti, Rafael López Nusa and Nereo Pirazzi Maffiola, the latter being substituted by his successor and heir Rafael Pirazzi, shall pay jointly and severally, to plaintiff José Méndez López, the full amount of this memorandum of costs and disbursements which has been reduced to the unpaid amount of $612.06, and the secretary may timely issue the proper order for the execution of the present order."

It is from the above order that defendants Torres Alberti and López Nusa took the present appeal in which they have assigned four errors as committed, according to them, by the court, viz.; in holding that the compromise reached by the plaintiff with one of the defendants did not release them from liability; in taking the amount stipulated in the com-

promise as a basis for fixing the amount of attorney's fees; in determining independently, if so, said amount, and generally in deciding the matter against the law.

Actually, there are only two questions to be considered and determined: the amount of attorney's fees, and the effect of ᵗʰᵉ stipulation.

■ As regards the amount it will suffice to say that the same finds justification in the record. Under the attendant circumstances and in view of the nature of the action, it is immaterial that the strip of land in dispute was small and not worth very much by itself. As stated by Erasto Arjona Siaca, one of the attorneys for plaintiff, when testifying before the court:

> "Five hearings were had in the present case; and two views were taken of the place where the facts herein occurred. Very lengthy briefs were filed with a full discussion of the law of injunction to recover possession. There were a lot of incidents, motions to strike out, demurrers, answers, challenges, etc. The whole transcript of the evidence consists of 587 folios, which gives an idea of the length of the oral testimony in the present case. We think that the very laborious legal battle, the efforts of counsel for the plaintiff to prove the facts, the tenacity and persistence of counsel for the defendants, the prestige and great qualifications of the attorneys for the plaintiff, we think in fairness that really such fees, valued intrinsically, should be worth $50,000. We of course, under the circumstances and in view of the compromise with the heirs of Nereo Pirazzi, appraised them at $1,000 of which the said heirs of Nereo Pirazzi paid $333.00."

■■ As regards the stipulation the appellants maintain that as a solidary obligation is involved, none of its obligors may, without the consent of the others, apportion the same in agreement with the obligee, and that if such thing could be done, then it should be concluded that the payment made fully extinguishes the obligation. They invoke the decision in *Busquets* v. *Compañía Curtidora*, 53 P.R.R. 8, and sections 1094, 1096, 1098, and 1099 of the Civil Code (1930 ed.).

The obligation involved herein is really a solidary one. The case above invoked which followed that of *Franceschi* v. *María Mercado e Hijos,* 45 P.R.R. 414, is a leading case on this point. The three defendants, Torres, López and Pirazzi, were mulcted in costs and therefore became solidary bound to pay the same to the plaintiff. The judgment was appealable. Torres and López appealed. Pirazzi did not and went further. Desiring to settle the matter, he compromised with the plaintiff to whom he delivered a sum which they considered reasonable as his final pro-rata share of the amount to be paid.

Could defendant Porrata do so? In our opinion he could have confessed the judgment and failed to appeal, inasmuch as the viewpoint of the other defendants was not binding upon him. He could also have compromised with the plaintiff upon the payment of costs, but without his settlement being binding upon the other defendants or legaly releasing him from the contracted solidary obligation, and such was the import attached by the court to the stipulation when making his final order in the premises. As we have seen, the attorney's fees were assessed at $900 and the obligation to pay the same was imposed on the three defendants. The payment made by Pirazzi, one of the defendants, was acknowledged and the obligation was reduced by that sum as if the payment had been made by all.

It is obvious that as the plaintiff creditor could proceed against either of the solidary debtors or all of them simultaneously—(section 1097 of the Civil Code, 1930 ed.)—to recover the unpaid balance, he will not do so against the one with whom he came to terms and whom he released as much as he could, but against the other defendants.

If the settlement had not been reached and the creditor had proceeded against them all, all that they could claim from the defendant who compromised would be what they can claim now, that is, his pro-rata share which of his own will he had already hastened to pay.

The sections of the Civil Code invoked by the appellants are not applicable to a situation like that presented under the facts herein. Section 1094 is not applicable because nothing was done by Pirazzi prejudicial to codebtors Torres and López; section 1096 is not applicable because it can not possibly be maintained that there was here novation, compensation, confusion or remission of the debt, made by any of the solidary debtors, in view of the stipulations of the settlement, and section 1098 is not applicable because the payment made by one of the solidary debtors which extinguishes the obligation is the full payment of the obligation but not the partial payment made herein. As to section 1099, it will suffice to say that the order appealed from complies with its provisions, that is, it is therein decided that the obligation of Pirazzi continues to be solidary notwithstanding the payment effected by him.

The confusion noticeable at first sight disappears if it is considered that the concept of solidarity is applicable only to the obligation of the debtors towards their creditor but not to the relations of the debtors between themselves. As regards the creditor the liability is a solidary one. As between the debtors among themselves the liability is distributed. Section 1098 of the Civil Code, 1930 ed., clearly and expressly provides that ''The payment made by any of the joint debtors extinguishes the obligation.'', and that ''The person who made the payment can only claim from his codebtors the shares pertaining to each one with interest on the amounts advanced.''

By virtue of the foregoing, and as the errors assigned are without merit, and on the other hand the court proceeded in accordance with the law and the facts, the appeal must be dismissed and the order appealed from affirmed.